**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4423**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

UBALDO SANDOVAL,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge. (3:11-cr-00044-RJC-1)

_____

Submitted:  January 17, 2013        Decided:  January 22, 2013

_____

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Rafael Rodríguez, Miami, Florida, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ubaldo Sandoval pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006). Sandoval was sentenced to 228 months of imprisonment, a variance sentence below the advisory Sentencing Guidelines range. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but raises the adequacy of the Fed. R. Crim. P. 11 hearing and whether the sentence was reasonable. Finding no error, we affirm.

Initially, counsel questions whether the district court complied with the requirements of Rule 11 but concludes there was no error by the court. As Sandoval did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged Rule 11 error by timely objection, review by the court is for plain error. United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating that defendant bears burden of establishing

2

each of the plain error requirements). We have reviewed the record and conclude that the district court committed no reversible error in conducting the Rule 11 hearing.

Although he offers no specific claims of error, counsel also questions whether Sandoval's sentence is procedurally and substantively reasonable. This court reviews a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to inspect the sentence for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence is within or below the Guidelines range, this court presumes on appeal that the sentence is reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (below-Guidelines sentence is entitled to presumption of reasonableness).

Here, the district court properly calculated Sandoval's Guidelines sentence, after hearing and sustaining an

3

objection by Sandoval, and then imposed a below-Guidelines downward variance sentence. The court provided sufficient reasoning supporting its decision. Regarding the substantive reasonableness of Sandoval's sentence, the district court's imposition of a sentence below the Guidelines range is presumptively reasonable, and Sandoval has not rebutted that presumption.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4